No. 14,339.

EMILE LEGENDRE VS. THE ASSESSOR OF THE PARISH OF ST. CHARLES
ET ALS.

### SYLLABUS.

1. Plaintiff's contention that because by judgment of court the assessment of
the Ashton plantation, including movables thereon, was fixed at $67,000
for the year 1899, the assessor was without authority to increase it the
next year, 1900, is directly negatived by the ruling in Liquidating Com-
missioners of the New Orleans Warehouse Company vs. Marrero, Tax Col-
lector, 106 La. 130.
2. Neither was it necessary for the assessor, in preparing his assessment rolls
for 1900, to give previous notice to the owner that he intended to raise the
assessment for that year over the amount at which it had been fixed the
previous year.
3. No sufficient grounds appear for disturbing the valuation of the property,
for the purpose of taxation for the year 1900, as fixed by the district
judge, and his judgment is sustained.

IN RE Charles Elfer, Assessor, *et als.*, applying for *Certiorari*, or
Writ of Review, to the Court of Appeal, Parish of Orleans, State
of Louisiana.

*Robert J. Perkins,* for Applicant.

*James Legendre,* for Respondents.

The opinion of the court was delivered by
BLANCHARD, J. This is a suit to reduce the assessment on the
Ashton plantation, in St. Charles Parish, for the year 1900.

In April 1900 plaintiff had returned the property for assessment as
follows:—

On the land, some 2,364 acres.......................... $60,000 00
On the live stock....................................... · 7,000 00

Total ...........................................·. $67,000 00

The assessor did not accept these figures, submitted by the owner, as

representing the assessable value of the property and on his rolls for 1900 assessed the plantation as follows:—

Cash value of the land.................................$85,000 00

Cash value of the live stock........................... 5000 00

Cash value of wagons, implements, etc.................. 2000 00

Total .............................................$92,000 00

It is understood that the assessment of the land embraced the improvements upon it, including the sugar house and its machinery.

Due notice of the completion of his rolls having been given by the assessor as required by law, and plaintiff having failed to obtain from the assessor any reduction, he applied to the Police Jury, sitting as a Board of Review, complaining of over-assessment and praying reduction to the figures he had returned as representing the value of the property.

The Board of Reviewers did not agree with him and left the assessment as the same had been made by the assessor.

Whereupon plaintiff filed his petition, in the District Court of St. Charles Parish, in which he set up that the return of $67,000 as the assessable value of the property, which he had made to the assessor, was the amount at which the court had in a previous suit fixed its value for purposes of taxation for the year 1899, and that this figure was changed by the assessor, in his assessment for 1900, without previous notice to him (petitioner) and in disobedience to the decree of the court.

He claims that the assessment as made by the assessor is illegal and void as having been made without notice to him; that it is illegal as to form and excessive, and beyond the cash value of the property.

The prayer is that his plea of *res judicata* be maintained; that the assessment of the plantation and movables be reduced to $67,000; and that he recover of the assessor, individually and officially, $250.00 as attorneys' fees because of his action in placing a greater valuation upon the property than that fixed by the court the previous year.

The district judge rendered this judgment:—

It is ordered, adjudged and decreed that the assessment of the Ashton plantation be reduced from eighty-five thousand dollars to sixty-seven thousand dollars and that the assessor be ordered to correct his rolls accordingly, etc.

Legendre vs. Assessor et als.

This judgment, however, was not predicated on the plea of *res judicata* set up by plaintiff, but on the evidence of value, actual and relative, adduced on the trial.

Not satisfied with this reduction, plaintiff appealed to the Court of Appeal, Parish of Orleans, and that tribunal amended the judgment by reducing the total assessment of the Ashton plantation from $92,000 to $67,000, and condemning the assessor to pay plaintiff $50.00 as attorney's fees—this latter predicated upon Sec. 26 of Act 170 of 1898.

Whereupon this court, on the application of defendants, granted its writ to review this judgment.

*Ruling*—While the plaintiff's petition prayed that the assessment upon the Ashton plantation *and movables* be reduced to $67,000, the district judge did not go that far. His judgment confined its reduction to the landed part of the property only.

Thus, the assessor had valued the lands at $85,000. The district judge reduced this valuation to $67,000. But he left intact the assessment of $5,000 upon the live stock and $2,000 upon the wagons, carts, etc.

So that, according to the judgment of the District Court, the assessment left upon the Ashton plantation and movables as the result of the litigation in that court, was $67,000 plus $5,000, plus $2,000—or $74,000. And on that sum the tax collector demanded payment of taxes.

If this were not the proper construction to put upon the judgment of the District Court, if there were any doubt as to its purport and meaning, it would have been an easy matter, on application for new trial, to have had the judge remove the doubt by stating precisely that the whole assessment placed on the plantation, movables and immovables, $92,000, was reduced to $67,000, instead of that the reduction applied only to the $85,000 which was the amount for which the lands alone were assessed.

The effect of the amendment of the judgment of the District Court by the Court of Appeal is to still further reduce the assessment from the $74,000 as it was left by the district judge, to $67,000, besides mulcting the assessor in penalties.

Our conclusion is, from a review of the case, that the amount as fixed by the district judge should not be disturbed.

Plaintiffs contention that because by judgment of court the assessment of the Ashton plantation, including movables, was fixed at $67,000 for the year 1899, the assessor was without authority to increase it the next year, 1900, is directly negatived by the ruling of this court in Liquidating Commissioners of the New Orleans Warehouse Co. vs. Marrero, Tax Collector, 106 La. 130.

Neither was it necessary for the assessor, in preparing his assessment rolls for 1900, to give previous notice to the owner that he intended to raise the assessment for that year over the amount at which it had been fixed the previous year. The law does not so require.

There is requirement of law to the effect that immediately after completing his rolls the assessor shall give notice by publication in a newspaper, if one be published in the parish, and if there be no newspaper published therein, then by posting on the court-house door, for the period of ten days, that the listing of the property has been completed in accordance with law, and that the list will be exposed in the office of the assessor for inspection and correction for the term of ten days, etc. Sec. 22 Act 170 of 1898.

This notice was given.

It is ordered that the judgment of the Court of Appeal herein be set aside and that the judgment of the District Court in and for the Parish of St. Charles do stand as the proper adjudication of the issues presented—costs of the District Court to be borne by defendants; those of the Court of Appeal and of this court by plaintiff.

Rehearing refused.